## Henry J. Link, Defendant in Error, v. Harry Skeeles, trading as Skeeles Brothers, Plaintiff in Error.

### Gen. No. 22,096.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the. Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed June 27, 1917. Rehearing denied July 17, 1917.

### Statement of the Case.

Action by Henry J. Link, plaintiff, against Harry Skeeles, trading as Skeeles Brothers, defendant, to recover for personal injuries. To reverse a judgment for plaintiff for $500, defendant prosecutes this writ of error.

HARRIS F. WILLIAMS, for plaintiff in error; W. SCOTT HODGES and GEORGE F. ORT, of counsel.

GUERIN & BARRETT, for defendant in error.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 2*—*when pedestrian has right of action against chauffeur violating ordinance.* A pedestrian injured through the act of a chauffeur in passing to the left of a street car in violation of a city ordinance has a right to maintain a civil action for the injuries inflicted.

2. AUTOMOBILES AND GARAGES, § 2*—*when conduct of chauffeur need not be shown to be wanton and wilful.* To recover for injuries received by the act of a chauffeur in wilfully violating an ordinance prohibiting passing on the left of a street car, it is not necessary to show that defendant's conduct amounted to wanton and wilful misconduct.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. AUTOMOBILE AND GARAGES, § 2*—*when plaintiff not guilty of contributory negligence.* In an action to recover for personal injuries to one struck by an automobile, evidence *held* not to show that plaintiff was guilty of contributory negligence as a matter of law.

4. AUTOMOBILES AND GARAGES, § 3*—*what evidence properly excluded in action for personal injuries.* In an action to recover for injuries to one struck by an automobile, it is not error to exclude evidence that the automobile was part of a funeral procession.

5. AUTOMOBILES AND GARAGES, § 2*—*when existence of obstruction on right side of street car is immaterial.* In an action to recover for injuries to one struck by an automobile which was passing on the left of a street car in violation of a city ordinance, it is not material, on the question of defendant's liability, that there was an obstruction of the street on the right side of the car at that point, where there was no evidence that the street was obstructed at other points.

6. MUNICIPAL COURT OF CHICAGO, § 28*—*when Appellate Court may consider only objections to oral instructions made in accordance with rules of.* Where, on appeal, there is certified to the Appellate Court a rule of the Municipal Court of Chicago that: "Objections to the giving or refusing of oral instructions to the jury must be specific, and must be made immediately upon the conclusion of the charge, and before the jury retire," the only objections to oral instructions which the Appellate Court can consider are those made in conformity with that rule.

7. AUTOMOBILES AND GARAGES, § 3*—*when instruction in language of ordinance prohibiting passing to left of street car is sufficient.* In an action to recover for personal injuries to one struck by an automobile which was passing to the left of a street car in violation of a city ordinance, an instruction properly and plainly stating the substance of the ordinance *held* sufficient.

8. AUTOMOBILES AND GARAGES, § 3*—*when instruction on speed of car in city constituting prima facie evidence of negligence is correct.* In an action to recover for personal injuries to one struck by an automobile which was passing to the left of a street car in violation of a city ordinance, it is not error to instruct that the operation of a car at a speed of over ten miles an hour on public highways in closely built-up portions of a city is prima facie evidence of negligence, especially where the court adds that the fact that the law was violated is not evidence, in itself, of negligence.

9. APPEAL AND ERROR, § 1544*—*when instructions on wanton and wilful misconduct not reversibly erroneous.* In an action to recover for personal injuries to one struck by an automobile which was

passing to the left of a street car in violation of a city ordinance, instructions as to wanton and wilful misconduct *held* not reversible error.